DISTRICT OF OREGON
**FILED**
June 22, 2026
Clerk, U.S. Bankruptcy Court

Below is an order of the court.

TERESA H. PEARSON
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re

**Daniel Brian Priest**
**Julie Ellen Priest**

Debtor

Case No. **25-31235-thp13**

☐ Amended

**ORDER, DRAFTED ON: 06/12/2026,**
**RE: RELIEF FROM** [*check all that apply*]
☒ **DEBTOR STAY** ☐ **CODEBTOR STAY**
**CREDITOR: Select Portfolio Servicing, Inc.**
**CODEBTOR:** ____________________

The undersigned, **Michael S. Scott**,
whose address, email address, phone number, and OSB#, if any, are—

**920 SW 3rd Ave., 1st Floor, Portland, OR 97204**
**mscott@mccarthyholthus.com**
**971-201-3200**
**OSB# 973947**

is or represents **creditor** [*enter represented party and role in the case or, if self-represented, role in the case (for example, creditor)*]

will lodge this order, which [*check one*] ☒ relates to the motion for relief from stay filed as ECF No. __22__, or ☐ does not relate to a motion, based on [*check all that apply*]:—

☐ The complete stipulation of the parties listed at the end of this document.

☐ The oral stipulation of the parties at the hearing held on ____________.

☐ The ruling of the court at the hearing held on ____________.

☒ Creditor's certification that any default notice required by paragraph 5 of the order re: relief from stay entered as ECF No. __31__ was mailed and that debtor failed to comply with the conditions of that order. The dates and amounts of missed cure payments and the date of creditor's notice of default are as follows:

**A notice of default was mailed on 5/26/2026 for regular payments for 4/01/2026 to 4501/2026 at $1,132.82 each, stipulated payment of $377.60 for 4/15/2026, stipulated payment of $377.66 for 5/15/2026, attorney fees and costs of $100.00 and less suspense of $0.44 for total arrearage of $3,120.46.**

☐ Creditor certification that no response to the motion for relief from stay filed as ECF No. _____ was filed within the response period plus 3 days including the three days required by Federal Rule of Bankruptcy Procedure (FRBP) 9006, if applicable.

**IT IS ORDERED** that, except as provided in paragraph 4 below, the stay existing pursuant to 11 U.S.C. § 362(a) remains in effect as to the property described below (hereinafter "the property"):

☐ Personal property described as [*for example, "2023 Ford Mustang"*]:

☒ Real property located at [*enter street address*]:

**73541 Debast Road, Rainier, OR 97048**

☒ Exhibit A attached hereto is the legal description of the property [*attaching a legal description is optional unless in rem relief is granted*].

**IT IS FURTHER ORDERED** that the stay is subject to the conditions marked below:

☐ 1. **Regular Payment Requirements.**

☐ a. Debtor must deliver regular monthly payments in the amount of $________________________ commencing ____________________ to creditor at the following address:

☐ b. The chapter 13 trustee must immediately pay and disburse to creditor the amount of $________________ per month from funds paid to the trustee by debtor, and continue each month until the plan is confirmed, at which time the plan payment terms will control. Payments made by the trustee under this order are deemed to be payments under the plan for purposes of the trustee's collection of percentage fees.

☐ c. Debtor must pay to the trustee any and all payments required to be paid under the terms of the chapter 13 plan.

☐ 2. **Cure Payment Requirements.** Debtor must cure the post-petition default of $_______________ consisting of [*for example, $500 in payments and $100 in late charges for April–June 2025*]:

as follows:

☐ a. In equal monthly installments of $_______________ each, commencing ________________ and continuing thereafter through and including ________________.

☐ b. By paying the sum of $_______________ on or before ____________, and the sum of $_______________ on or before ____________.

☐ c. Other [*describe*]:

☐ 3. **Insurance Requirements.** Debtor must maintain insurance on the property at all times as required by the security agreement, naming ____________________________________ as the loss payee. On or before ____________ debtor must provide counsel for creditor with proof of insurance.

☒ 4. **Stay Relief and Codebtor Stay Relief without Cure Opportunity.**

☐ a. On default in the conditions in paragraphs ___________________ creditor may file and serve a certificate of non-compliance specifying the default, together with a proposed order terminating the stay to allow creditor to foreclose on, and obtain possession of, the property to the extent permitted by applicable nonbankruptcy law, which the court may grant without further notice or hearing.

☐ b. The stay is terminated to allow creditor to foreclose on, and obtain possession of, the property to the extent permitted by applicable nonbankruptcy law, provided that a foreclosure sale shall not occur prior to ________________________.

☐ c. Creditor is granted relief from stay effective ________________ to foreclose on, and obtain possession of, the property, to the extent permitted by applicable nonbankruptcy law.

☒ d. Creditor is granted relief from stay to foreclose on, and obtain possession of, the property, to the extent permitted by applicable nonbankruptcy law.

☐ e. If a creditor with a senior lien on the property is granted relief from stay, creditor may file and serve a certificate identifying the senior lienholder and a proposed order terminating the stay, which the court may grant without further notice or hearing.

☐ f. Creditor is granted relief from stay to:

☐ g. Creditor is granted in rem relief from stay with respect to the real property described above and in Exhibit A. This order shall be binding in any other case filed under 11 U.S.C. purporting to affect such real property filed not later than two (2) years after the date of the entry of this order unless the bankruptcy court in the subsequent case grants relief from this order. Any governmental unit that accepts notices of interests or liens in real property must accept a certified copy of this order for indexing and recording.

☐ h. Creditor is granted relief from the codebtor stay, as it applies to the codebtor named in the caption above, to enforce the terms of the contract and collect the deficiency balance.

☐ i. [*Check for chapters 12 and 13 only*] All disbursements by the trustee to the creditor pursuant to the plan on account of creditor's secured claim (claim no. _______) against the property must cease. Debtor and creditor have agreed to this modification of the plan, and formal notice of this plan modification is not required because there is no negative effect on any nonconsenting creditor; the undersigned certifies receipt of written confirmation that debtor has no objection to this paragraph.

☐ 5. **Stay Relief with Cure Opportunity.** On default in the checked conditions in paragraphs 1 - 3, creditor must give notice of the default and give debtor _______ calendar days after the notice is sent to cure the default. Notice must be provided by the following methods [*check applicable boxes*]:

☐ Send notice to the debtor by [*for example, email to a particular email address or mailing to a particular street address*]:

☐ Send a copy of the notice to the attorney for debtor by [*for example, email to a particular email address or mailing to a particular street address*]:

If debtor fails to timely cure the default, then creditor may submit a proposed order terminating the stay, which the court may grant without further notice or hearing.

☐ a. The notice of default may require that debtor make any payment that becomes due between the date the notice of default is mailed and before the cure deadline.

☐ b. The notice of default may require debtor to pay $______________________ for the fees and costs of sending the notice.

☐ c. Only _________ notices of default and opportunity to cure are required per year [*calculated from date of entry of this order*], ☐ during the remainder of this case, or ☐ [*describe*]:

☐ 6. **Amended Proof of Claim.** Creditor must file an amended proof of claim to recover all accrued post-petition attorney fees and costs and [*describe*]:

☐ 7. **Miscellaneous Provisions.**

☐ a. If creditor is granted relief from stay, the 14-day stay provided by FRBP 4001(a) is waived.

☐ b. Any notice that creditor's counsel must give to debtor or codebtor, or attorney for debtor or codebtor, pursuant to this order will not be construed as a communication under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692.

☐ 8. A hearing on the motion for relief from stay, at which witnesses may not testify, will be held as follows:

**Date:**_______________ **Time:** ____________

**Location**:

☐ Courtroom #_____, ________________________________________

☐ Video Hearing. To connect, see www.orb.uscourts.gov/video-hearings.

☐ Telephone Hearing [*See LBF 888, Telephone Hearing Requirements.*]

**Call-In Number:** (855) 244-8681

**Access Code:** ☐ 2319 199 8338 for Judge David W. Hercher (dwh)

☐ 2311 562 9438 for Judge Peter C. McKittrick (pcm)

☐ 2303 266 1826 for Judge Teresa H. Pearson (thp)

☐ 2318 130 5070 for Judge Kathryn F. Evans (kfe)

☐ Other ___________________________________

☐ 9. Other:

###

Presented and certified by: **/s/ Michael S. Scott** ________________________________

It is so stipulated.

Creditor's Attorney

Signature ___________________________

OSB#___________________________

Debtor's Attorney

Signature ___________________________

OSB# ___________________________

No objection to order by case trustee

Trustee's or Trustee's Attorney's Signature and OSB#, if applicable

___________________________________

Codebtor's Attorney

Signature ___________________________

OSB# ___________________________

## EXHIBIT "A"

## LEGAL DESCRIPTION

Beginning at the Southwest corner of the East half of the Northeast quarter of the Northeast quarter of Section 29, Township 7 North, Range 2 West, Willamette Meridian, Columbia county, Oregon; thence North 89°33'30" East along the South line of said East half of the Northeast quarter of the Northeast quarter of said Section 29, a distance of 241.61 feet to the Southwest corner of the Theodore H. Blahm et ux tract as described in instrument recorded July 1, 1969 in Book 173, page 776, Deed Records of Columbia County, Oregon; thence North 4°51' West along the West line of said Blahm tract a distance of 65.20 feet to the Southerly right of way line of the Mautz County Road; thence Westerly and Northwesterly along said right of way line to the West line of said East half of the Northeast quarter of the Northeast quarter of said Section 29; thence South along said West line to the point of beginning.

**END OF LEGAL DESCRIPTION**

Title N[redacted]